IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV345-01-MU

| | |
|---|---|
| JAMONTE D. BAKER, | ) |
| Plaintiff, | ) |
| v. | )  **O R D E R** |
| I. J. REITZ, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed August 8, 2009. After careful consideration, for the reasons set forth herein, Plaintiff's Complaint is dismissed.

Plaintiff has filed his Complaint against I.J. Reitz, a detective with the Charlotte Mecklenburg Police Department; Richard Thompson, an attorney; Peter Gilchrist, the District Attorney for Mecklenburg County; and Robert Johnson, a Superior Court judge. Plaintiff alleges that in October 2007, Defendant Reitz went to the Mecklenburg County Jail to talk to a confidential informant about some robberies that had been occurring in Charlotte. Plaintiff alleges that a lot of robberies took place on November 9, 2007, a day he was taking his daughter to the doctor's office. Plaintiff states that later that day police officers, including Defendant Reitz, searched his house but did not find anything. Plaintiff asserts Defendant Reitz then arrested him. Plaintiff asserts that seven out of eight individuals did not pick him out of a line-up. Plaintiff alleges that on April 30, 2008, an assistant district attorney represented at Plaintiff's bond hearing that he had committed the

robberies. Plaintiff asserts that the assistant district attorney and the judge failed to give him a probable cause or bond hearing so he was unable to confront the witnesses against him. Plaintiff asserts that he called his attorney, Defendant Thompson, and asked for a speedy trial and for motions to suppress. Plaintiff alleges that his counsel told him that North Carolina does not have speedy trial rights. Finally, Plaintiff alleges that Defendant Reitz called Enterprise Rental Car and told them that Plaintiff was using rental cars rented by his girlfriend from there to commit robberies. As a result, Plaintiff alleges Enterprise will no longer rent his girlfriend cars.

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights (or federal statutory rights) was violated by a person acting under the color of state law. 42 U.S.C. § 1983. Neither public defenders nor privately retained attorneys are "state actors." See In Polk County v. Dodson, 454 U.S. 312 (1981); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976). Accordingly, Plaintiff fails to state a claim under 42 U.S.C. §1983 against Defendant Thompson.

Likewise, Plaintiff fails to state a claim against Defendant Johnson, a North Carolina Superior Court judge. Judges are immune from damages liability for judicial acts unless they are done in the clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff has not alleged any facts sufficient to support an allegation that Defendant Johnson acted in the clear absence of all jurisdiction. Consequently, the Court finds that Defendant Johnson is immune from liability in this matter.

In addition, supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's

personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct by Defendant Gilchrist, the Mecklenburg County District Attorney, with regard to the incidents that form the basis of his Complaint. In fact, Plaintiff does not connect the district attorney personally in any way to the incidents that form the basis of his Complaint. Consequently, Plaintiff fails to state a claim against the Defendant Gilchrist.

After reviewing Plaintiff's allegations against Defendant Reitz, this Court concludes that Plaintiff fails to state a constitutional claim against him. Plaintiff alleges that Defendant Reitz went to the jail to talk to a confidential informant about a string of robberies that had recently occurred. Plaintiff also states that Defendant Reitz was part of a group of police that searched his home. Plaintiff also states that Defendant Reitz arrested him. Plaintiff also alleges Defendant Reitz called Enterprise Rental Car and told them that Plaintiff was using rental cars rented by his girlfriend from there to commit robberies. As a result, Plaintiff alleges Enterprise will no longer rent his girlfriend cars. Plaintiffs allegations are insufficient to state a constitutional claim against Defendant Reitz.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED.**

Signed: August 14, 2009

Graham C. Mullen
United States District Judge